JAMES A. LYND *vs.* THE APPONAUG BLEACHING, DYEING & PRINTING COMPANY.

PROVIDENCE—JANUARY 7, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

While the rule of pleading requires that in the statement of an executory consideration there be a greater degree of certainty and minuteness than when the consideration is executed, yet no greater degree of certainty or particularity should be required in the pleading than the parties themselves have adopted in their contract.

A count in a declaration averred a hiring of the plaintiff to perform specified services upon a consideration which included the payment of salary and the purchase from the plaintiff by the defendant, as the latter should consume it, of so much color at a stated price as would be necessary to finish thirty thousand pieces of goods ; upon demurrer, alleging that a proper construction of the contract did not require the defendant, acting in good faith, to use the quantity of color mentioned within any particular time, or even to continue the dyeing of goods of the specified color at all :—

*Held,* that to so construe the contract would be unreasonable, and that the better construction would require the dyeing to begin at once and to proceed in the usual course of the defendant's business till the whole number of pieces had been dyed.

ASSUMPSIT. Heard on demurrer to the declaration.

MATTESON, C. J. This is assumpsit for breach of contract to purchase dye. The declaration, in its first count, avers in technical form that on August 7, 1896, the defendant, in consideration that the plaintiff, at the request of the defendant, would render certain services to the defendant and furnish drawings necessary to construct dyeing machines and all information necessary to produce goods as good as a sample agreed upon, and also to give said defendant all the informa-

tion it might desire regarding the colors in the sample, agreed to pay the plaintiff $100 per month, payable monthly, for the term of six months, and to buy from him color at $1.25 per pound, which would produce Arabian Turkey red as good as the sample, necessary to finish 30,000 pieces, the color to be bought of the plaintiff as the defendant should consume it till 30,000 pieces had been dyed.  The count further avers that the plaintiff has performed all things on his part to be performed, and has rendered to the defendant all the services required of him, and has furnished drawings necessary to construct the dyeing machines and all the information necessary to produce goods as good as the sample referred to, and has given the defendant all information desired by it regarding the colors on the sample; but that the defendant has neglected and refused, and still refuses, though requested by the plaintiff to perform its part of the agreement, in that it has refused to purchase of him the color aforesaid at the price aforesaid, though the plaintiff has always been ready and willing to furnish and has tendered it to the defendant, and though 30,000 pieces of the color of the sample have long since been dyed.

The second count is the same as the first, except that it avers a refusal of the defendant to purchase the color, though a reasonable time for its consumption has long since elapsed.

The defendant has demurred to the declaration on several grounds, which for the present purpose may be resolved into two : (1) That the nature of the service required of the plaintiff should have been averred.   (2) That the second count is fatally defective in that it does not aver that any number of pieces of the stipulated color have been dyed.

The counts in the declaration apparently set forth the contract between the parties, though the contract itself is not made a part of either count by reference.   We have, therefore, no knowledge from the record of what the contract declared on is other than that afforded by the declaration. While the rule of pleading is, doubtless, as contended by the defendant, that in the statement of an executory considera-

tion a greater degree of certainty and minuteness is required than when the consideration is executed, since the court would otherwise be unable to judge whether the performance averred is sufficient (1 Chit. Pl. * 303), we do not think that any greater degree of certainty or particularity should be required in the pleading than the parties themselves have adopted in the contract. If, then, the contract does not specify the nature of the services which the plaintiff was to render, we see no reason for requiring such specification in the counts. Assuming that the contract does not specify the nature of the services, and that the counts pursue the contract in this respect, we think that the statement of the consideration, in so far as it relates to the services to be rendered, is sufficient.

Defendant contends that the correct construction of the contract is that it was under no obligation to use the color for dyeing the 30,000 pieces in any particular time, or even to continue the dyeing of goods of the color specified at all, so long as it acted in good faith and did not fraudulently evade its performance of the contract. We think, however, that such a contract would be a very unreasonable one for the plaintiff to have made, since it might be years before its fulfillment; and it even might never be fulfilled, since it would be optional with the defendant whether it would dye goods of a Turkey red color at all. It seems to us the more reasonable view that the dyeing of the 30,000 pieces was to begin at once, and was to proceed in the usual course of the defendant's business till the whole number of pieces had been dyed, and that the dye should be purchased of the plaintiff from time to time as it should be consumed. In this view of the contract the second count, which avers a refusal to purchase the color, though a reasonable time for its consumption has elapsed, sufficiently states a breach of the contract.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*John M. Brennan, Dennis J. Holland and John J. Walsh,* for plaintiff.

*Charles J. Arms and Charles C. Mumford,* for defendant.